IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Cr. A. No. 10-112-LPS |
| v. | : | |
| | : | |
| XIANG LI, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Charles M. Oberly, III, United States Attorney for the District of Delaware, and David L. Hall and Edward J. McAndrew, Assistant United States Attorneys, and the defendant, Xiang Li, by and through the defendant's attorney, Mingli Chen, Esquire, the following agreement is hereby entered into by the respective parties:

1.  The defendant agrees to plead guilty to a Count 3 of the Superseding Indictment, charging him with Conspiracy to Commit Criminal Copyright Infringement, in violation of Title 17, United States Code, Section 506(a)(1)(A), and Title 18, United States Code, Sections 2, 371, and 2319(a) and (b)(1). The maximum penalties for this offense are: 5 years of imprisonment; a fine in the amount of the greater of $250,000 or twice the gain/loss; 3 years of Supervised Release; and a $100 Special Assessment.

2.  The defendant further agrees to plead guilty to Count 4 of the Superseding Indictment, charging him with Conspiracy to Commit Wire Fraud, in violation of Title 18, United States Code, Sections 1343 and 1349. The maximum penalties for this offense are: 20 years of imprisonment; a fine in the amount of $250,000; 3 years of supervised release; and a

1

$100 Special Assessment.

3. The defendant acknowledges that the elements of Conspiracy to Commit Criminal Copyright Infringement, charged in Count 3 of the Superseding Indictment, are as follows:

    a. That two or more persons conspired and agreed to commit an offense against the United States; in this case, criminal copyright infringement;

    b. The defendant was party to or a member of that agreement;

    c. The defendant willfully joined the agreement or conspiracy knowing of its objective to commit an offense against the United States; that is, criminal copyright infringement, to wit, the defendant, during a 180-day period, for purpose of commercial advantage and private financial gain, willfully conspired to reproduce or distribute 10 or more copies of one or more copyrighted works which have a total retail value of more than $2,500;

    d. That at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act to further the objectives of the agreement.

4. The defendant acknowledges that the elements of Conspiracy to Commit Wire Fraud, charged in Count 4 of the Superseding Indictment, are as follows:

    a. That two or more persons conspired and agreed to a common and unlawful plan to commit the offense of Wire Fraud; that is, conspired to devise a scheme or artifice to defraud or for obtaining money or property by materially false or fraudulent pretenses, representations or promises or the Defendant willfully participated in such a scheme with knowledge of its fraudulent nature, as charged in the Superseding Indictment;

  b.  The defendant was party to or a member of that agreement; and

  c.  The defendant willfully joined the agreement or conspiracy knowing of its objective to commit the offense of Wire Fraud.

5. The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in Title 18, United States Code, Section 3553(a) in determining an appropriate sentence. The defendant understands that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

6. At or about the time of sentencing, the Government will move to dismiss Counts 1-2, and 5-46 of the Superseding Indictment.

7. Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees to recommend at sentencing a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a). If the defendant's offense level is 16 or greater, the United States will move for an additional one point reduction, pursuant to U.S.S.G. § 3E1.1(a) and (b).

8. Except as provided in Paragraph 7 regarding an additional one-level reduction for acceptance of responsibility, the United States explicitly retains the right to make whatever recommendations at the time of sentencing that it believes are appropriate and to defend the rulings of the district court.

9. The defendant agrees to pay the $200 special assessment on the day of

sentencing. If the Court orders the payment of any fine as part of the defendant's sentence, the defendant agrees voluntarily to enter the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

10. Upon conviction of the offense of Conspiracy to Commit Criminal Copyright Infringement, as alleged in Count 3 of the Superseding Indictment, the defendant shall forfeit to the United States pursuant to Title 17, United States Code, Sections 506(b) and 509(a) and Title 18, United States Code, Sections 981(b) and 2323(b), all copies manufactured, reproduced, distributed, sold, or otherwise used, intended for use, or possessed with intent to use in violation of the offense under Section 506(a), and all plates, molds, matrices, masters, tapes, film negatives, or other articles by means of which such copies may be reproduced, and all electronic, mechanical, and other devices for manufacturing, reproducing, and assembling such copies, and any property used, or intended to be used in any manner or part, to commit or facilitate the commission of the offense of conviction, including but not limited to the following:

    a. the domain names: CRACK99.COM; CAD100.NET; DONGLE-CRACK-DOWNLOAD.COM; CAD100.COM; V9981.COM; WHOLESALE1998.COM;

    b. One Microsoft Windows 2.0 External Hard Drive, Model T12s, Jjera Technology Company;

    c. One Black K-Touch cellular phone, Model A932;

    d. One Grey Dell Latitude Laptop Computer, Model D630, Serial # 36232217673;

    e. One Kingston Data Traveler 2 GB thumb drive;

    f. 32 DVDs;

    g. One White "DataTraveler" 8 GB Thumb drive.

11. If any of the property described above, as a result of any act or omission

of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p) (as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c)).

12. The defendant further agrees to waive all interest in the assets identified in Paragraph 10 in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted. Pursuant to Rule 32.2(b)(3), the defendant will promptly consent to the preliminary order of forfeiture becoming final as to the defendant before sentencing if requested to do so.

13. The defendant knows that he has, and voluntarily and expressly waives, the right to file any appeal, any collateral attack, or any other writ or motion after sentencing – including,

but not limited to, an appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, or a motion under 28 U.S.C. §2255 – except that the defendant reserves his right to appeal only if (1) the Government appeals from the sentence, (2) the defendant's sentence exceeds the statutory maximum for the offense set forth in the United States Code, or (c) the defendant claims his sentence unreasonably exceeds the Sentencing Guidelines range determined by the District Court in applying the United States Sentencing Guidelines.

14. It is further agreed by the undersigned parties that this Memorandum constitutes the entire agreement between the parties and supersedes all prior promises, representations, and statements of the undersigned parties; that this memorandum may be modified only in a written agreement executed by all the undersigned parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

Dated: December 13, 2012

_____
Mingli Chen, Esquire
Attorney for Defendant

CHARLES M. OBERLY, III
United States Attorney

BY: _____
David L. Hall
Edward J. McAndrew
Assistant United States Attorneys

_____
Xiang Li
Defendant

**AND NOW** this _____ day of December, 2012, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by the Court.

_____
Honorable Leonard P. Stark
United States District Judge